IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| Milo Earl Tudor, Jr., | ) | Civil Action No. 8:18-953-RMG |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| Nurse Pamela C. Derrick, | ) | |
| Defendant. | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 40) recommending the Court grant Defendant Pamela C. Derrick's motion for summary judgment (Dkt. No. 31). For the reasons set forth below, the Court adopts the R & R as the order of the Court, and the Court grants Defendant's motion for summary judgment.

I. **Background**

Plaintiff Miles Earl Tudor, Jr. brings claims pursuant to 42 U.S.C. § 1983. At all relevant times, Plaintiff was in the custody of the South Carolina Department of Corrections ("SCDC") and housed at the Allendale Correctional Institution ("Allendale"). Plaintiff alleges that Defendant Pamela C. Derrick, a registered nurse, denied him basic medical care and acted with deliberate indifference towards his medical needs. Specifically, Plaintiff alleges that on May 22, 2015, officers at Allendale called for emergency medical care while Plaintiff was lying on the floor in a housing unit. (Dkt. No. 1 at 7.) Plaintiff alleges that Defendant arrived, but failed to examine Plaintiff or provide any medical care, and failed to notify the doctor. (*Id.*) Plaintiff alleges that because of these actions, he ultimately required lifesaving surgery and must take blood thinners for the rest of his life. (*Id.*) Defendant, in her motion, submitted an affidavit along with Plaintiff's medical records that showed that on May 12, 2015, Defendant responded to an emergency call

1

from officers, and examined Plaintiff. (Dkt. No. 31-2 at 8.) Defendant left the medical encounter open for Plaintiff's planned assessment with Dr. Thomas Byrne the following day. (*Id.*) Over the next week, Plaintiff repeatedly saw Dr. Byrne on May 13th, 15th, 18th, 20th. Dr. Byrne performed examinations, including ordering labs, and ultimately prescribed a number of medications, including an antibiotic. (Dkt. No. 31-3 at 8 – 10.) On May 21, 2015, Plaintiff was again seen for an emergency, and was seen later the same day by Dr. Byrne. (*Id.* at 11.) Dr. Byrne then transferred Plaintiff to Allendale County Hospital, where he was diagnosed with an ischemic bowel and thrombosis, and later transferred to Palmetto Health Richland. (*Id.* at 4 – 5; 11 – 12.)

Defendant Derrick filed a motion for summary judgment on September 6, 2018. (Dkt. No. 31.) Plaintiff opposed the motion. (Dkt. No. 37.) The Magistrate Judge issued an R & R recommended granting the motion. (Dkt. No. 40.) Plaintiff has not filed objections.

## II. <u>Legal Standard</u>

### A. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### B. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This

Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects to. Fed. R. Civ. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983). Plaintiff has not filed objections, and therefore the R & R is reviewed for clear error.

### C. Summary Judgment

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine issue of any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, any admissions on file, together with the affidavits, if any, which show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court will construe all inferences and ambiguities against the movant and in favor of the non-moving party. *US. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The existence of a mere scintilla of evidence in support of the non-moving party's position is insufficient to withstand a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). However, an issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-movant. *Id.* at 257.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*

*Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Id.* at 587. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id. quoting First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

### III. <u>Discussion</u>

As the Magistrate Judge correctly noted, Plaintiff exhausted his administrative remedies. The Prison Litigation Reform Act ("PLRA") mandates that an inmate exhaust "such administrative remedies as are available" before bringing suit under § 1983. 42 U.S.C. § 1997e(a). It is the defendant's burden to establish that a plaintiff failed to exhaust his administrative remedies. *See Wilcox v. Brown*, 877 F.3d 161, 167 (4th Cir. 2017). The administrative remedies are dictated by the prison. *See Jones v. Bock*, 549 U.S. 199, 218 (2007). Before filing a Step 1 grievance, an inmate must first attempt an informal resolution of the issue by submitting a Request to Staff Member Form. After a Step 1 grievance is filed, the Warden must respond in writing and, if the inmate is not satisfied, the inmate may appeal the decision in a Step 2 grievance. (Dkt. No. 31-4 at ¶¶ 6 – 12, South Carolina Dept. of Corrections, Inmate Grievance System, GA-01.12, May 12, 2014, *available at* http://www.doc.sc.gov/policy/GA-01-12.htm1553896838622.pdf (last accessed, April 1, 2019).) Plaintiff here exhausted his administrative remedies by filing a Step 1 and Step 2 grievance. (Dkt. No. 31-4.) Plaintiff's was not required to appeal to South Carolina's Administrative Law Court to exhaust his administrative remedies. *See Gunnells v. Goodman*, No. CIV.A. 8:14-1978-MGL, 2015 WL 4257199, at *6 (D.S.C. July 14, 2015) ("§ 1997e(a) does not require inmates to further appeal to South Carolina's Administrative Law Court.") (citations omitted). Therefore, Plaintiff exhausted his administrative remedies.

4

To succeed on an Eighth Amendment cruel and unusual punishment claim, a prisoner must prove: (1) that objectively the deprivation of a basic human need was "sufficiently serious" and (2) that subjectively the defendant acted with a "sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321 (1991). The subjective component can be demonstrated by showing that the defendant acted with deliberate indifference. This requires more than a showing of medical negligence. *Farmer v. Brennan*, 511 U.S. 825, 835, 114 S.Ct. 1970 (1994). Rather, a prison official must demonstrate deliberate indifference by "completely failing to consider an inmate's complaints or by acting intentionally to delay or deny the prisoner access to adequate medical care." *Bridges v. Keller*, 519 Fed. App'x 786, 787 (2013). Mere disagreement between the prisoner and prison officials regarding the proper treatment required does not constitute deliberate indifference. *Id.* The Constitution requires only that the prisoner receive adequate medical care and is not guaranteed treatment of his choice. *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). The fact that a prisoner believes he had a more serious injury or that he required better treatment does not establish a constitutional violation. *King v. United States*, 536 Fed. App'x 358, 362–63 (4th Cir.2013). As the Magistrate Judge correctly found, Plaintiff failed to create a genuine factual dispute on his deliberate indifference claim that Defendant left him on the floor without medical examination, care or treatment. (Dkt. No. 1 at 7.) The record evidence instead establishes that on May 12, 2015, Defendant examined Plaintiff and determined that there was no medical emergency. (Dkt. No. 31-2 at ¶¶ 7 – 8.) Further, Plaintiff was subsequently seen numerous times by Dr. Byrne, examined, provided medications, tests, transferred to medical centers and underwent surgery. Therefore, Defendant is entitled to summary judgment.[1]

---

[1] As the Magistrate Judge also correctly held, to the extent Plaintiff's Complaint could be construed to include claim for medical malpractice, his claim fails since he did not file the requisite "Notice of Intent to File Suit" or an expert affidavit. *See* S.C. Code Ann. § 15-79-125.

Finally, as the Magistrate Judge correctly held, Defendant Derrick is entitled to qualified immunity. Under the doctrine of qualified immunity, officials may be shielded from liability for civil damages if their conduct does not violate clearly established statutory or constitutional rights. As the Court found that there is no dispute of material fact that Defendant Derrick did not act with deliberate indifference to Plaintiff's medical needs, Defendant did not violate any clearly established statutory or constitutional right.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 40) as the Order of the Court, and Defendant Pamela C. Derrick's motion for summary judgment (Dkt. No. 31) is **GRANTED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

April 2, 2019
Charleston, South Carolina

6